UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KEZLYN MENDEZ, | : | |
| *Plaintiff*, | : | |
| | : | |
| v. | : | No. 3:18-CV-1929 (VLB) |
| | : | |
| WILLIAM MULLIGAN, et al. | : | |
| *Defendants.* | : | July 16, 2019 |

**RULING ON MOTIONS TO COMPEL [ECF Nos. 25, 26]**

On November 28, 2018, the plaintiff, Kezlyn Mendez, an inmate currently confined at the MacDougall-Walker Correctional Institution ("MWCI") in Suffield, Connecticut, filed a complaint *pro se* pursuant to 42 U.S.C. § 1983, against twelve Department of Correction ("DOC") officials in their individual and official capacities. Compl. [ECF No. 1]. After initial review, the Court permitted the plaintiff's First Amendment retaliation claim to proceed against nine of those defendants: Captain Rivera, Lieutenant Legassey, Lieutenant Harris, and Supervisors Oliver, Ralph Rossi, Osle, Johnson, Rodriguez, and Williams. Initial Review Order [ECF No. 7 at 19]. The Court dismissed all other claims. *Id.* The defendants answered the complaint on June 3, 2019. Answer [ECF No. 24].

Pending before the Court are the plaintiff's two motions to compel discovery. [ECF Nos. 25, 26]. Both motions are essentially identical[1] – they

---

[1] There are only two differences between the two motions to compel. First, the initial motion [ECF No. 25] does not include the required certification that it was sent to the defendants. Second, the subsequent motion [ECF No. 26] also includes copies of the plaintiff's interrogatories and request for admissions which he apparently sent to the defendants. The plaintiff

seek an order compelling the defendants to produce for discovery the "kitchen logs" at MWCI from April 6, 2017 to October 31, 2017. The defendants filed an objection to both motions, [ECF No. 27], on July 9, 2019. For the following reasons, the motions to compel are DENIED.

"[A] party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a). Pursuant to District of Connecticut Local Rule 37(a), the movant must first confer with opposing counsel in person or via telephone and discuss the discovery issues between them in order to arrive at a "mutually satisfactory resolution." In the event a resolution is not reached, the movant must attach an affidavit certifying that, despite a good faith effort, he was unable to resolve the discovery issue with opposing counsel. *Id.*

Local Rule 37(b) also requires that memoranda be filed by both sides before any discovery motion is heard by the Court. "Each memorandum shall contain a concise statement of the nature of the case and a specific verbatim listing of each of the items of discovery sought or opposed, and immediately following each specification shall set forth the reason why the item should be allowed or disallowed." D. Conn. L. Civ. R. 37(b)(1). The

---

does not claim in either motion that the defendants have not cooperated with these requests.

2

movant must attach to his memorandum, as exhibits, copies of the discovery requests in dispute. *Id.*

The plaintiff in this case has not shown that he has made substantial efforts to resolve his discovery issue with defense counsel. He has not indicated whether he has made any attempts to contact defense counsel and discuss the issue regarding the kitchen logs in order to achieve a "mutually satisfactory resolution." Moreover, his motions are devoid of any explanation regarding the relevancy of such documents to his sole remaining First Amendment claim.[2] In addition, after Plaintiff filed his initial motion to compel, defense counsel arranged a telephone call with Plaintiff and discussed his discovery requirements with him in detail. [ECF No. 27 at 4]. The parties were able to reach an "agreeable resolution" about Plaintiff's discovery requirements, making his motions to compel moot. Therefore, the motions to compel are DENIED. The plaintiff is advised to make a good faith effort to resolve his disputes with defense counsel before seeking court action.

---

[2] Because there is no discussion of why Plaintiff needs the "kitchen logs," his motion to compel is sanctionable under Rule 11 of the Federal Rules of Civil Procedure, as Plaintiff has not made the requisite showing for such a motion.

## ORDER

The motions to compel (Dkt. Nos. 25, 26) are DENIED.

SO ORDERED this 16th day of July, 2019 at Hartford, Connecticut.

_____/s/_____
**VANESSA L. BRYANT**
**UNITED STATES DISTRICT JUDGE**