UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **KEZLYN MENDEZ** | : | **CIVIL NO. 3:18-CV-1929(VLB)** |
| **V.** | : | |
| **MULLIGAN, ET AL.** | : | **SEPTEMBER 16, 2019** |

## LOCAL RULE 56(a)(1) STATEMENT

Now comes the defendants, pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, and respectfully moves for summary judgment as to all of the claims in the plaintiff's complaint on grounds that the undisputed material facts demonstrate that the defendant is entitled to judgment as a matter of law.

1. In April of 2017, Kezlyn Mendez #329751 started as a kitchen worker on the first shift. *See* Exh. B, Ralph Rossi's Affidavit ¶ 6.

2. As a scullery line worker, the plaintiff duties included preparing the serving trays, cleaning the trays that return from the unit and the dishwashing area, mopping the floors, and transporting food throughout the facility. *See* Exh. B ¶ 7.

3. On June 2, 2017, CFSS Rossi spoke with the plaintiff about his portion serving size, his handling of the food cart, his work ethic and overall. *See* Exh. B ¶ 16 and Exh. C, Ralph Rossi's Correspondence Re: June 2, 2017.

4. The plaintiff was not receptive to CFSS Rossi's feedback but argumentative, with a fowl attitude. It was apparent that Mendez would not modify his behavior to address my concerns, which CFSS Rossi found unacceptable. *See* Exh. B ¶ 17 and Exh. C.

5. CFSS Rossi explained the job assignment duties multiple times but the plaintiff was unable to stay on task and complete his job responsibilities. The

plaintiff was unwilling to follow CFSS Rossi's direction. Consequently, CFSS Rossi told the plaintiff to return to his housing unit. See Exh. B ¶ 18 and Exh. C.

6. CFSS Rossi informed the plaintiff he would not write a bad work report so that the plaintiff would remain eligible to reclassify to another job. See Exh. B ¶ 20 and Exh. C.

7. On June 22, 2017, the plaintiff handed CFSS Rossi an apology letter. See Exh. B ¶ 22 and Exh. D, Mendez's Apology Letter to Rossi dated June 22, 2017.

8. The apology letter took CFSS Rossi by surprise. CFSS Rossi was relieved because the plaintiff assumed responsibility for his conduct. CFSS Rossi believed that the plaintiff was sincere and accepted the apology. See Exh. B ¶ 23 and Exh. D.

9. Defendant Rossi never posted the apology letter or discussed it with other inmate. See Exh. B ¶ 26.

10. On July 30, 2017, Rossi went to the L-2 housing unit to speak with an inmate, not the plaintiff. See Exh. B ¶ 29 and Exh. E, Ralph Rossi's Correspondence Re: July 30, 2017.

11. As he was talking, the plaintiff attempted several times to walk behind him. Rossi continued to direct his attention to the plaintiff, by facing Mendez, to prevent himself from being vulnerable. See Exh. B ¶ 30 and Exh. E.

12. After, CFSS Rossi finished speaking with the other inmate, he addressed the plaintiff. The plaintiff asked about not being able to work in the kitchen. The plaintiff stated, "I do not back down from anyone and I am getting my job back!

When I get my job back, we are going to have problems in the kitchen." *See* Exh. B ¶ 31 and Exh. E.

13.   Less than a week after this incident, CFSS Oliver transferred the plaintiff to the second shift, on August 4, 2017.  *See* Exh. B ¶ 33 and Exh. G, Affidavit of Lance Oliver ¶12 .

14.   CFSS Rossi was notified that the plaintiff alleged that he was sexually inappropriate towards him.  The plaintiff claimed that CFSS Rossi told him that he would be his bitch, which Mendez perceived as sexual harassment.  *See* Exh. B ¶ 27.

15.   CFSS Rossi wrote a statement on September 13, 2017 in response to the Inmate Request filed by the plaintiff about their interaction on July 30, 2017.  *See* Exh. B ¶ 28 and Exh. E, Ralph Rossi's Correspondence Re: July 30, 2017.

16.   On September 8, 2017, CFSS Rossi was contacted by Correctional Counselor Bennett, the Administrative Remedies Coordinator at MacDougall Walker Correctional Institution, and asked to prepare a written response to allegations by Mendez that he was prohibited from going to work after June 2, 2017 because he complained to the Warden about pork in the kitchen.  See Exh. B ¶ 8 and Exh. L, September 8, 2017 Email.

17.   This was the first time that CFSS Rossi heard about inmate Mendez writing to the Warden about pork being cooked in the oven.  *Se*e Exh. B ¶ 9.

18.   CFSS Rossi wrote a statement on September 14, 2017, that outlined everything that transpired on June 2, 2017 which led to inmate Mendez being

asked to leave the kitchen.  See Exh. B ¶ 8 and Exh. C, Ralph Rossi's Correspondence Re: June 2, 2017.

19. October 14, 2017, the plaintiff was issued a disciplinary report by Lieutenant Diaz, who is not a party to this action.  ECF No. 1 Pg. 39 and Exh. F, Incident Report No. MWCI-2017-10-070  Pg. 17.

20. Mendez was upset, yelling and demanding that a Lieutenant report to the L2 housing unit.  ECF No. 1 Pg. 39 and Exh. F Pg. 17.

21. Mendez was upset because Rossi wouldn't allow him to come to work. ECF No. 1 Pg. 39 and Exh. F Pg. 17.

22. It was 11:00 am and the second shift kitchen work call did not start until after 1:00pm.  ECF No. 1 Pg. 39 and Exh. F Pg. 17.

23. Lt. Diaz issued the disciplinary report for Interfering with Safety and Security because Inmate Mendez's behavior interfered with her official duties while in the operations office. ECF No. 1 Pg. 39 and Exh. F Pg. 17.

24. The disciplinary report led to an investigation, which included statements from kitchen supervisors Rossi, Williams and Gandolfo.  ECF No. 1 Pgs. 34 – 39 and Exh. F Pg. 2, 6, 7.

25. The plaintiff was subsequently placed in restrictive housing as a result of his own behavior.  ECF No. 1 Pg. 38 and Exh. F Pg. 12.

26. Captain Paton recommended that the plaintiff remain in the restrictive housing unit and also be considered for a facility transfer.  ECF No. 1 Pg. 38 and Exh. F Pg. 12.

27. Captain Rivera was not involved in the decision to transfer the plaintiff. *See* Exh. K, Jose Rivera Affidavit ¶¶ 11, 14.

28. There is no evidence that Captain Rivera was involved.  *See* Exh. F and Exh. K, Jose Rivera Affidavit ¶¶ 8 - 11, 14.

29. The plaintiff talked to CFSS Oliver about his work schedule and problems on the first shift.  *See* Exh. G, Oliver Affidavit ¶10.

30. Oliver did not ignore the plaintiff, he moved Mendez to the second shift to alleviate the problem.  *See* Exh. G ¶ 13.

31. CFSS Osle was never approached by the plaintiff about a transfer or inappropriate or retaliatory conduct by CFSS Rossi. Exh. J, Osle Affidavit ¶ 12, 17.

32. The plaintiff did not talk with CFSS Williams about Rossi or wanting to move to the second shift.  Exh. H, Williams Affidavit ¶ 13, 14.

33. The plaintiff did not contact CFSS Rodriguez for help with Rossi or changing his shift.  Exh. I, Rodriguez Affidavit ¶ 13, 16.

34. Rossi never cooked pork in the common fare oven, used for Muslim meals. See Exh. B ¶¶ 10, 11.

        **DEFENDANTS**
        Rivera, Legassey, Harris,
        Oliver, Rossi, Osle,
        Johnson, Rodriguez
        and Williams

        WILLIAM TONG
        ATTORNEY GENERAL

**BY:/s/ Zenobia Graham-Days**_____
    Zenobia G. Graham-Days
    Assistant Attorney General
    Federal Bar #ct28802
    110 Sherman Street
    Hartford, CT  06105
    Tel:  (860) 808-5450
    Fax:  (860) 808-5591
    E-Mail:Zenobia.Graham-Days@ct.gov

## CERTIFICATION

I hereby certify that on September 16, 2019, a copy of the foregoing was filed electronically.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.  A copy was also sent to the following by first-class mail, postage prepaid, to:

    Kezlyn Mendez, Inmate No. 329751
    MacDougall-Walker C.I.
    1153 East Street South
    Suffield, CT 06080

        **/s/ Zenobia Graham-Days**_____
        Zenobia G. Graham-Days
        Assistant Attorney General