# EXHIBIT I

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KEZLYN MENDEZ | : | CIVIL NO. 3:18-CV-1929(VLB) |
| V. | : | |
| MULLIGAN, ET AL. | : | SEPTEMBER 16, 2019 |

## DECLARATION OF LUIS RODRIGUEZ

The undersigned hereby deposes and says:

1. I am over the age of eighteen years and I believe in the obligations of an oath.

2. The foregoing statement is based upon my personal knowledge.

3. I started my employment with the Department of Correction in 2014.

4. I am a Correctional Food Service Supervisor 2 "CFSS2" assigned to the first shift at MacDougall Walker Correctional Institution.

5. As a CFSS2 my duties includes, but is not limited to, : supervise inmates and/or staff in preparation, cooking, retherming and serving of food; instruct and train inmates and/or staff in proper methods and practices for food preparation including special diets, service and maintenance and/or sanitation of equipment and kitchen areas; oversee storage, rotation and security of food and supplies; supervise cleaning, sanitation and maintenance of kitchen and equipment; keep records and makes reports; maintain discipline and security measures; may prepare staff and inmate work schedules; may give input for staff performance evaluations; may physically restrain inmates, quell disturbances or otherwise assist custodial forces in emergencies; performs related duties as required.

6. I am familiar with inmate Kezlyn Mendez #329751.

7. In April of 2017, Kezlyn Mendez #329751 started as a kitchen worker on the first shift.

8. Inmate Mendez was confrontational, manipulative and exhibited a poor attitude.

9. We have roughly sixteen ovens in the kitchen. There are specific ovens designated for different diets. One example is our common fare oven used solely for common fare meals.

10. I have never observed prohibited foods cooked in any of the designated ovens.

11. There is one inmate specifically assigned with the task of cleaning and sanitizing the ovens daily. This task is delegated to at least one inmate each shift.

12. I have no recollection of CFSS2 Rossi cooking pork in the kitchen.

13. Inmate Mendez never approached me about CFSS2 Rossi cooking pork in the kitchen.

14. Inmate Mendez complained a lot about his responsibility in the kitchen. He was oftentimes rude and disrespectful.

15. I regularly had to redirect inmate Mendez to stay on task.

16. Inmate Mendez never approached me about a transfer to the second shift.

17. Once the plaintiff was transferred to the second shift our interaction was limited as I am assigned the first shift.

18. I heard about an apology letter that Mendez had given to CFSS2 Rossi.

19. I was not involved in whatever may have happened between inmate Mendez and CFSS2 Rossi.

20. I never observed the apology letter displayed in the kitchen or heard that it had been posted in the kitchen.

21. I have no knowledge of inappropriate or retaliatory conduct by CFSS2 Rossi towards the plaintiff.

22. I did not insert myself into concerns the plaintiff had with other kitchen staff.

23. I did not discuss CFSS2 Rossi with the plaintiff or refer to inmate Mendez as a snitch.

24. The plaintiff never approached me about problems that he may have had with Rossi.

25. Although the plaintiff was not easy to work with, I never prevented from working with me on the first shift.

26. The staffing needs of the kitchen fluctuate. Every effort is made to give all kitchen employees work hours.

27. I was not involved with the plaintiff's placement in the restrictive housing unit or transfer from MacDougall Walker Correctional Institution.

28. My interaction with inmate Mendez, while troublesome at times never resulted in the issuance of a disciplinary report by me.

## DECLARATION

I, Luis Rodriguez, pursuant to Conn. Gen. Stat. §1-24a and 28 U.S.C. §1746, declare under the pains and penalties of perjury that the foregoing is true and accurate to the best of my knowledge and belief.

_____   _9/16/19_
Luis Rodriguez                Date