# EXHIBIT J

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

KEZLYN MENDEZ    :  CIVIL NO. 3:18-CV-1929(VLB)

   V.         :

MULLIGAN, ET AL.    :  SEPTEMBER 16, 2019

<u>DECLARATION OF SARA OSLE</u>

The undersigned hereby deposes and says:

1. I am over the age of eighteen years and I believe in the obligations of an oath.

2. The foregoing statement is based upon my personal knowledge.

3. I started my employment with the Department of Correction in 2014 as a Correctional Food Service Supervisor 1 Trainee.

4. On April 21, 2016, I transferred to MacDougall Walker Correctional Institution.

5. I was promoted, on June 13, 2016, to my current title of Correctional Food Service Supervisor 2 "CFSS2".

6. I supervise the second shift kitchen staff.

7. As a CFSS2 my duties includes, but is not limited to, : supervise inmates and/or staff in preparation, cooking, retherming and serving of food; instruct and train inmates and/or staff in proper methods and practices for food preparation including special diets, service and maintenance and/or sanitation of equipment and kitchen areas; oversee storage, rotation and security of food and supplies; supervise cleaning, sanitation and maintenance of kitchen and equipment; keep records and makes reports; maintain discipline and security measures; may

prepare staff and inmate work schedules; may give input for staff performance evaluations; may physically restrain inmates, quell disturbances or otherwise assist custodial forces in emergencies; performs related duties as required.

8.     I am familiar with inmate Kezlyn Mendez #329751.

9.     In August of 2017, Kezlyn Mendez #329751 started as a kitchen worker on the second shift.

10.    Inmate Mendez was confrontational, manipulative and exhibited a poor attitude.

11.    Inmate Mendez lacked productivity and struggled with taking direction from women.

12.    Mendez never approached me about a transfer to the second shift.

13.    I was not happy with the decision to place him on the second shift because of his work ethic and reluctance to follow instruction.

14.    I heard about an apology letter that Mendez had given to CFSS2 Rossi.

15.    I did not inject myself into whatever happened between inmate Mendez and CFSS2 Rossi.

16.    I never observed the apology letter displayed in the kitchen or heard that it had been posted in the kitchen.

17.    I have no knowledge of inappropriate or retaliatory conduct by CFSS2 Rossi towards the plaintiff.

18.    I did not insert myself into concerns the plaintiff had with other kitchen staff.

2

19.     I did not discuss CFSS2 Rossi with the plaintiff or refer to inmate Mendez as a snitch.

20.     Although the plaintiff was not easy to work with, I never prevented from working with me on the second shift.

21.     The staffing needs of the kitchen fluctuate.  Every effort is made to give all kitchen employees work hours.

22.     I was not involved with the plaintiff's placement in the restrictive housing unit or transfer from MacDougall Walker Correctional Institution.

23.     My interaction with inmate Mendez, while problematic at times never resulted in the issuance of a disciplinary report.

## DECLARATION

I, Sara Osle, pursuant to Conn. Gen. Stat. §1-24a and 28 U.S.C. §1746, declare under the pains and penalties of perjury that the foregoing is true and accurate to the best of my knowledge and belief.

Sara Osle

9/13/2019
Date

4